IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-00020-MR-WCM

| | |
|---|---|
| CLARA M. MANN, **Plaintiff,** v. TRAILS CAROLINA, LLC, **Defendant.** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

**NOW COMES** Defendant Trails Carolina, LLC, by and through undersigned counsel, and respectfully submits the following Memorandum of Law in Support of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1.

## BACKGROUND

On January 19, 2023, Plaintiff filed her Complaint against Defendant alleging negligence, gross negligence, and a violation of the North Carolina Unfair and Deceptive Trade Practices Act. [Doc. 1]. According to the Complaint, Plaintiff was a "resident" under the "exclusive care of Trails Carolina" from October 23, 2019 until November 23, 2019. [Doc. 1 at 5]. Defendant offers "wilderness therapy programs," which are "led by experienced, licensed therapists who specialize in working with youth who fit their group's profile." [Doc. 1 at 1].

Plaintiff alleges that while she was a resident under the care of Defendant, she was sexually assaulted and/or battered on one or more occasions by another, older "camper" with "a prior history of sexual assault." [Doc. 1 at 5]. Plaintiff alleges that Defendant failed to separate her from her assailant and ignored her pleas related to the alleged assaults. [Doc. 1 at 5].

00101C.06219

Plaintiff further alleges that Defendant withheld the alleged abuse "from the public authorities" and failed to report the crime despite their alleged legal obligations. [Doc. 1 at 6].

## STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ARGUMENT

Plaintiff's Complaint fails to satisfy Rule 9(j) of the North Carolina Rules of Civil Procedure, a pleading requirement applicable to medical malpractice actions, which is required in federal diversity cases, and, therefore, the case should be dismissed.

**I. PLAINTIFF'S COMPLAINT STATES A CLAIM FOR MEDICAL MALPRACTICE UNDER NORTH CAROLINA LAW AND FAILS TO MEET THE PLEADING REQUIREMENT OF RULE 9(J) OF THE NORTH CAROLINA RULES OF CIVIL PROCEDURE REQUIRING DISMISSAL OF PLAINTIFF'S COMPLAINT.**

First, "the substantive elements of a medical malpractice action are determined by state laws in a federal diversity action." *Frazier v. Angel Medical Center*, 308 F.Supp.2d 671, 676 (W.D.N.C. 2004) (citing *Fitzgerald v. Manning*, 679 F.2d 341, 346 (4th Cir. 1982)). In North Carolina, a claim for medical malpractice consists of "[a] civil action for damages for personal injury … arising out of the furnishing or failure to furnish professional services in the performance of … health care by a health care provider." N.C. Gen. Stat. § 90-21.11(2)(a). A "health care provider" is defined as "[a] person who pursuant to the provision of Chapter 90 of the General Statutes is licensed, or is otherwise registered or certified to engage in the practice of

or otherwise performs duties associated with … psychiatry, or psychology." N.C. Gen. Stat. § 90-21.11(1)(a). A "health care provider" is also defined as "[a]ny other person who is legally responsible for the negligence of a person described in" N.C.G.S. § 90-21.11(1)(a) and "[a]ny other person acting at the direction or under the supervision of a person described by" N.C.G.S. § 90-21.11(1)(a). N.C. Gen. Stat. § 90-21.11(c), (d).

As stated by Plaintiff in her Complaint, she was a resident under the "exclusive care" of Defendant, which provided "wilderness therapy programs," [Doc. 1 at 1], led by "experienced, licensed therapists," [Doc. 1 at 5]. The "experienced, licensed therapists" who work for Defendant are licensed health care providers under Chapter 90 of the North Carolina General Statutes and fall within the definition of a "health care provider" as it relates to medical malpractice actions. N.C. Gen. Stat. § 90-21.11(1)(a). Defendant is thereby "legally responsible for the negligence of persons defined as" health care providers. N.C. Gen. Stat. § 90-21.11(1)(c). Therefore, a civil action for damages arising out of Defendant's alleged failure to furnish professional services is necessarily a medical malpractice action under North Carolina law. N.C. Gen. Stat. § 90-21.11(2)(a).

As alleged in Plaintiff's Complaint, "Plaintiff was assigned to sleep in a yurt alongside other campers and staff," which allegedly included her assailant. [Doc. 1 at 5]. Further, Plaintiff alleges that she spoke with Defendant's "staff" and "counselors," including "Plaintiff's main therapist, Trails Carolina Member Shalene Pierce" about her alleged assault. [Doc. 1 at 5-6]. Plaintiff further alleges that Defendant "owed a duty of reasonable care to Plaintiff" for reasons that included the fact that "Trails Carolina undertook and administered therapy, youth development programs, activities, and services to minors." [Doc. 1 at 6-7]. Plaintiff also alleges that Defendant has an affirmative duty to "report sexual abuse" pursuant to N.C.G.S. § 7B-30,

3

Case 1:23-cv-00020-MR-WCM   Document 11   Filed 03/24/23   Page 3 of 9

regardless of "any privilege that Trail's Carolina's counselors could otherwise use to shield [their] failure to report." [Doc. 1 at 7]. Further, Plaintiff alleges that Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act by, in part, "choosing to admit and retain student with a history of sexual abuse." [Doc. 1 at 7]. Thereby, as pled, Plaintiff alleges that Defendant's alleged negligence, at least in part, arose out of decisions made in the performance of professional services by a health care provider.

Since Plaintiff's Complaint states a claim for medical malpractice under North Carolina law, Plaintiff is required to assert that:

> [T]he medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care …

or allege "facts establishing negligence under the existing common-law doctrine of res ipsa loquitur." N.C. R. Civ. P. 9(j)(1), (3); see also *Frazier*, 308 F.Supp.2d at 676-677 (applying Rule 9(j) of the North Carolina Rules of Civil Procedure to medical malpractice action pending in federal court pursuant to diversity jurisdiction). Failing to provide the above assertions and/or allegations "shall" result in the dismissal of a complaint alleging "medical malpractice by a health care provider." N.C. R. Civ. P. 9(j).

      **a. Plaintiff's Complaint Fails to Comply with Rule 9(j)(1) of the North Carolina Rules of Civil Procedure.**

Plaintiff's Complaint endeavors to comply with Rule 9(j)(1) of the North Carolina Rules of Civil Procedure but nevertheless fails to certify that their "retained expert witness" has reviewed "the medical care and all medical records pertaining to the alleged negligence that are available to plaintiff after reasonable inquiry." N.C. R. Civ. P. 9(j)(1); [Doc. 1 at 3]. As such, the failure to include the appropriate certification requires the dismissal of Plaintiff's Complaint

4

unless the Complaint states a cause of action for negligence based on the doctrine of *res ipsa loquitur*. N.C. R. Civ. P. 9(j); *see also Frazier*, 308 F.Supp.2d at 676-677.

### b. Plaintiff's Complaint Fails to Comply with Rule 9(j)(3) of the North Carolina Rules of Civil Procedure.

As stated above, Rule 9(j)(3) of the North Carolina Rules of Civil Procedure is properly complied with if Plaintiff's Complaint "alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur." N.C. R. Civ. P. 9(j)(3). Plaintiff's Complaint again endeavors to comply with Rule 9(j)(3) of the North Carolina Rules of Civil Procedure by asserting "that this pleading alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur*." [Doc. 1 at 3].

"The doctrine of *res ipsa loquitur* is 'addressed to those situations where the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of [the] defendant.'" *Wood v. United States*, 209 F.Sup.3d 835, 845 (M.D.N.C. 2016) (quoting *Robinson v. Duke Univ. Health Sys.*, 229 N.C. App. 215, 224, 747 S.E.2d 321, 329 (2013)). More specifically, "[t]he doctrine only applies when (1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident [was] under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." *Wood*, 209 F.Supp.3d at 845 (internal quotations omitted).

As it relates to medical malpractice actions, "*res ipsa loquitur* applies if the injurious result rarely occurs standing alone and is not an inherent risk of the operation." *Wright v. U.S.*, 280 F.Supp.2d 472, 481 (M.D.N.C. 2003). "*Res ipsa loquitur* has been limited in medical malpractice cases because most medical treatment involves inherent risk and is of a scientific nature." *Hayes v. Peters*, 184 N.C. App. 285, 288, 645 S.E.2d 846, 848 (2007). As such, medical malpractice claims typically require that "both the standard of care and its breach … be

5

Case 1:23-cv-00020-MR-WCM   Document 11   Filed 03/24/23   Page 5 of 9

established by expert testimony." *Rowell v. Bowling*, 197 N.C. App. 691, 696, 678 S.E2d 748, 751 (2009).

In North Carolina, medical malpractice actions in which the doctrine of *res ipsa loquitur* applies has been limited to when "[t]he common knowledge, experience and sense of laymen qualifies them to conclude that some medical injuries are not likely to occur if proper care and skill is used," and has been applied in cases involving "injuries resulting from surgical instruments or other foreign objects left in the body following surgery and injuries to a part of the patient's anatomy outside the surgical field." *Grigg v. Lester*, 102 N.C. App. 332, 335, 401 S.E.2d 657, 659 (1991). This limited application and overall precaution in applying the doctrine of *res ipsa loquitur* to medical malpractice actions stems from "an awareness that the majority of medical treatment involves inherent risks which even adherence to the appropriate standard of care cannot eliminate" and the overall "scientific and technical nature of medical treatment," which "renders the average juror unfit to determine whether [a] plaintiff's injury would rarely occur in the absence of negligence." *Schaffner v. Cumberland County Hosp. System, Inc.*, 77 N.C. App. 689, 692, 336 S.E.2d 116, 118 (1985) (internal citations omitted).

As Plaintiff clearly alleges, this is a medical malpractice action wherein Plaintiff's injury allegedly arose in relation to Plaintiff's treatment through Defendant's "wilderness therapy program." [Doc. 1 at 1]. Defendant's alleged negligence, as stated in Plaintiff's Complaint, relates to decisions made regarding the placement of Plaintiff in particular "yurts," how to treat Plaintiff and other participants in the program, the admission and retention students, and professional ethical standards, all of which necessarily require the testimony of experts with knowledge of the applicable standard of care. [Doc. 1 at 4-8]. In addition to the above, Plaintiff's Complaint simply asserts, "this pleading alleges facts establishing negligence under

6

the existing common-law doctrine of *res ipsa loquitur*," and does not otherwise allege facts supporting the application of the doctrine of *res ipsa loquitur*. [Doc. 1 at 3]. Lastly, Plaintiff's alleged injury did not result from an "instrumentality … under the defendant's control" and is of the type that could occur without a negligent act by Defendant. *Wood*, 209 F.Supp3d at 845. As such, Plaintiff has failed to allege facts establishing negligence under the doctrine of *res ipsa loquitur*, requiring the Complaint to be dismissed.

## CONCLUSION

Plaintiff's Complaint alleges negligence related to the furnishing or failure to furnish professional services by a health care provider, which amounts to a medical malpractice claim under North Carolina law. Based on this, Plaintiff is required to comply with the pleading requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. Plaintiff's Complaint fails to provide the appropriate certification under Rule 9(j) and also fails to demonstrate that the doctrine of *res ipsa loquitur* applies to the alleged negligence. As such, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

[SIGNATURE ON THE FOLLOWING PAGE]

This the 24th of March, 2023.

                    **HEDRICK GARDNER KINCHELOE &**
                    **GAROFALO LLP**

                    **By:** */s/ David. L. Levy*
                          **DAVID L. LEVY**
                          **NC State Bar No. 34060**
                          **KRISTY M. D'AMBROSIO**
                          **NC State Bar No. 52817**
                          **4201 Congress St, Suite 300**
                          **Charlotte, NC 28209**
                          **Phone: 704-366-1101**
                          **Fax: 704-366-6181**
                          **dlevy@hedrickgardner.com**
                          **kdambrosio@hedrickgardner.com**
                          *Attorneys for Defendant Trails Carolina, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

>Shaun C. Blake
>Jenkins M. Mann
>Rogers Lewis Jackson Mann & Quinn LLC
>1901 Main Street, Suite 1205
>Columbia, SC 29201
>sblake@rogerslewis.com
>jmann@rogerslewis.com
>F: (803) 252-3653
>*Attorneys for Plaintiff*

This the 24th of March, 2023.

>*/s/ David L. Levy*
>**DAVID L. LEVY**