UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:23-cv-00020-WR-WCM

| | |
|---|---|
| CLARA M. MANN,<br><br>                              Plaintiff,<br>v.<br><br>TRAILS CAROLINA, LLC,<br>                              Defendant. | **AMENDED COMPLAINT** |

Plaintiff hereby files this Amended Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B) and within 21 days after Defendant's service of a motion under Rule 12(b). [Doc. 10.]

## INTRODUCTION

1. This Complaint is based on the sexual abuse that Plaintiff was made to suffer as a child because of the negligent, reckless, wanton, and tortious acts and omissions of Defendant Trails Carolina, LLC, acting by and through its authorized owners, officers, managers, employees and agents ("Trails Carolina").

2. Since its founding, Trails Carolina has publicly claimed it is "One of the Best Wilderness Programs for Teens," aiming to convince parents to submit teenagers and pre-teenagers to its wilderness therapy programs. Trails Carolina claims it is "led by experienced, licensed therapists who specialize in working with youth who fit their group's profile – and it shows" all the while "making sure they receive the support they need, starting by introducing them to their single-gender, age-appropriate group they'll be growing with."

3. Despite the façade of a safe and therapeutic environment for kids, Trails Carolina perpetuates an environment where troubled children in its programs sexually molest and/or assault other children within Trails Carolina's custody and care.

4. The childhood sexual abuse Plaintiff suffered due to Trails Carolina negligent,

reckless, and wanton misconduct is particularly galling. Plaintiff was only 14 years old when she was repeatedly assaulted and battered by an older "student," despite Trails Carolina having notice that Plaintiff was at risk to suffer and was, in fact, suffering abuse. Trails Carolina forced Plaintiff to continue to sleep beside her assailant after she provided Trails Carolina notices of the specific sexual abuse.

5. Trails Carolina, by their acts, failures, and omissions, were directly responsible for, and enabled, the abuse of Plaintiff. It created, maintained, and promoted a program that attracted a sexual assault, allowed known unsupervised access and opportunities for an assailant to prey on other children entrusted to Trail Carolina's custody and care.

6. Plaintiff has suffered severe and life-long injuries from the abuse she suffered while she was isolated from her family and in the custody and care of Trials Carolina.

## PARTIES

7. Plaintiff is a citizen and resident of Richland County, South Carolina.

8. Trails Carolina is a manager-managed limited liability company organized and existing under the laws of the State of North Carolina since June 25, 2008. Upon information and belief, its principal place of business is in Transylvania County, North Carolina, although its managing member is situated in Salem, Oregon. Its managing member is Wilderness Training & Consulting, LLC, an Oregon limited liability company. Its other members are, upon information and belief, Graham Shannonhouse, Shalene Pierce, and Jason McKeown, who are believed to be citizens and residents of the state of North Carolina.

## JURISDICTION & VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of South Carolina, Trails Carolina is deemed a citizen of North Carolina and

Oregon, and the amount in controversy in this case exceeds $75,000.00, exclusive of costs and interest.

10. Venue is proper in the Asheville Division of the United States District Court for the Western District of North Carolina because the most substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Transylvania County.

11. Prior to bringing the instant action, Plaintiff has retained an expert witness, and the medical care and all medical records pertaining to the alleged negligence that are available to the Plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care. Plaintiff further asserts, in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure, that this pleading alleges facts establishing negligence under the existing common-law doctrine of *res ipsa loquitur*, because it is within the common knowledge, experience and sense of laymen that Defendant should not have required Plaintiff to continue to sleep with her sexual assailant even after receiving actual notice of Plaintiff's report of sexual assault.

## COMMON FACTUAL ALLEGATIONS

**A. Trails Carolina's negligent business model fosters abuse upon students.**

12. Trails Carolina is in the business of providing wilderness therapy to "troubled" children ages 10 through 18 and young adults ages 18 through 25.

13. Trails Carolina advertises to the public, including Plaintiff, that the "students" Trails Carolinas have behavioral issues such as school refusal, ADHD, attachment issues, and manipulative behavior.[1]

---

[1] https://trailscarolina.com/about-us/wilderness-program/.

14. Upon information and belief, some of Trails Carolina's students have histories of sexual abuse and/or sexual misconduct which are intentionally omitted from the marketing and advertising Trails Carolina publishes to the public, including those materials reviewed by Plaintiff and her family prior to placing Plaintiff at Trails Carolina, even though Trails Carolina has actual knowledge that it forces cohabitation between "students" with known histories of sexual misconduct and other unsuspecting "students."

15. Upon information and belief, Trails Carolina conceals this fact and incidents of assault and battery between its "students" from the public, including Plaintiff and her family, for the deceptive purpose of lulling parents into a false sense of security when entrusting their children to Trails Carolina's exclusive custody and care.

16. Upon information and belief, Trails Carolina, by and through its owners, officers, managers, employees and agents, have known for years that some of its students have assaulted and battered other students. Trails Carolina knew or should have known the dangers particular "students" presented to others, such as Plaintiff. However, Trails Carolina ignored that danger and permitted these particular "students" to prey on others, despite actual and constructive knowledge that such was occurring, including the abuse being suffered by Plaintiff.

17. Upon information and belief, Trails Carolina knew or should have known that:

a) Putting "students" with histories of sexual abuse and/or sexual misconduct into yurts where other "students" were forced to sleep alongside them provides predatory "students" with access to vulnerable children in secluded and unsupervised settings;

b) Trails Carolina's program provides opportunities for pedophiles to molest other "students" by putting them in situations where children change clothing, shower, and sleep in close proximity to, and within access of, the pedophile;

c) Trails Carolina conditions its "students" to adhere to the practice of strict obedience of its employees, and encourages an environment of "breaking down" its "students," creating an environment of fear and silence, which pedophiles crave and can exploit; and

d) Trails Carolina promotes the ideas of strict compliance and of not "rocking the boat," all of which help facilitate a pedophile's efforts to keep victims silent and compliant.

18. Upon information and belief, Trails Carolina knew or should have known that if they advised parents of past incidents of assault, battery, and sexual misconduct, parents would be reticent to trust Trails Carolina with their children's exclusive custody and care, costing Trails Carolina substantial revenue.

**B. Trails Carolina negligently and wantonly permitted Plaintiff's sexual abuse.**

19. Plaintiff was a resident under the exclusive care of Trails Carolina in Transylvania County, North Carolina, from October 23, 2019, until November 23, 2019.

20. Shortly after arriving at Trails Carolina, Plaintiff was assigned to sleep in a yurt alongside other campers and camp staff.

21. Having not even adjusted to the stress of an unfamiliar situation, an older camper with a prior history of sexual assault that was known or should have been known to Trails Carolina, put her hands in Plaintiff's underwear and digitally penetrated her vagina while Plaintiff was unconscious. Plaintiff awoke during this molestation, causing severe emotional distress.

22. Plaintiff thereafter spoke to Trails Carolina staff and requested to be separated from the girl secondary to the sexual assault. Indefensibly, Trails Carolina denied Plaintiff's request to be separated from her assailant.

23. Several nights later, the assailant sexually battered Plaintiff again, attempting to

forcibly penetrate Plaintiff after Trails Carolina required Plaintiff to sleep in the same position.

24. Following this second assault, Plaintiff's pleas to Trails Carolina's counselors were ignored, and Trails Carolina continued to house Plaintiff in immediate proximity to her assailant.

25. On or about November 12, 2019, Plaintiff sent a letter to her father, Dr. James M. Mann ("Dr. Mann") alluding to the sexual assault and indicating that she "wants the police involved."

26. Trails Carolina read Plaintiff's November 12, 2019, letter prior to sending it Dr. Mann as a part of its business of screening communication from "students" to their parents.

27. After receiving the letter, Dr. Mann called Trails Carolina to express his concern.

28. The Trail Carolina's counselor who accepted Dr. Mann's call ensured that Trails Carolina would promptly investigate the allegation.

29. However, during this "investigation" by Trails Carolina, Plaintiff continued to be forced to spend nights alongside her assailant.

30. Finally, on or about November 18, 2019, Plaintiff's main therapist, Trails Carolina member Shalene Pierce, asked Plaintiff the specifics of her allegations against her assailant. Plaintiff told Pierce the identity of her assailant and the details of the assaults she had suffered.

31. Trails Carolina forced Plaintiff to spend yet another day and night with her assailant before it finally placed that "student" in isolation.

32. Trails Carolina deceptively withheld the abuse from public authorities, failing at all times thereafter to report the crime despite their legal obligation to do so. Further, Trails Carolina deceptively withheld its discovery of the abuse against Plaintiff from Dr. Mann until on or about November 21, 2019, when Ms. Pierce finally advised Dr. Mann of Plaintiff's sexual assault and battery.

# FOR A FIRST CAUSE OF ACTION
**(Negligence/Gross Negligence)**

33. All prior paragraphs are incorporated herein.

34. Trails Carolina owed a duty of reasonable care to Plaintiff and other students to prevent, respond to, and warn of child sex abuse in its program; to train and supervise those persons acting on its behalf in the proper ways to guard against, identify, and respond to sexual assault and battery; to protect its students from that abuse and foreseeable risks; and to provide a safe environment for its students for a number of reasons, including without limitation the following:

   a) Trails Carolina undertook and administered therapy, youth-development programs, activities, and services to minors, and as a result assumed a duty to Plaintiff and other students to exercise reasonable care in connection with its programs, activities, services;

   b) N.C.G.S. §7B-301 places an affirmative duty upon Trails Carolina to report sexual abuse to Plaintiff and other students, and N.C.G.S. §7B-310 removes any privilege that Trail Carolina's counselors could otherwise use to shield its failure to report;

   c) Trails Carolina had special relationships with its students who were entrusted to its care and control (including Plaintiff);

   d) Trails Carolina was and is a youth-serving organization obligated to take reasonable steps to respond to and prevent sexual abuse of the children who participate in its programs;

   e) Trails Carolina invited Plaintiff and other students onto its land, including at Winding Gap, Sky Valley, and Shuttleworth; and

   f) Given Trails Carolina's unique knowledge that some of its students had a history of sexual abuse and/or sexual assault, the risk to Plaintiff and other students was

imminently and reasonably foreseeable.

35. Trails Carolina breached its duty of reasonable care to Plaintiff and others in a negligent, grossly negligent, willful and wanton manner by failing to take reasonable steps to prevent, respond to, and warn of child sex abuse in its program; failing to protect students from abuse and foreseeable risk of assault and battery; failing to provide a reasonably safe place for students; failing to properly train and supervise those providing care to Plaintiff in the defense against, identification of, and response to sexual abuse; and affirmatively creating, encouraging, and maintaining an environment that attracted pedophiles, provided unsupervised access to and opportunities to abuse victims, and enabled sexual abuse that went unchecked.

36. Trails Carolina's tortious misconduct was the direct and proximate cause of Plaintiff's sexual assault and battery while she was in the care of Trails Carolina.

37. As a result of the foregoing, Plaintiff has suffered (and will continue to suffer) reasonably foreseeable damages, including but not limited physical pain, suffering, depression, anxiety, social disorder, low self-esteem, post-traumatic stress, suppression of memory, distrust of others, educational-related issues, emotional trauma, sleeping problems, and other injury, harm, and physical, mental, and economic damages.

**FOR A SECOND CAUSE OF ACTION**
**(Violation of NC UTPA, N.C.G.S. § 75-1.1 et seq.)**

38. All prior paragraphs are incorporated herein.

39. Trails Carolina engaged in numerous unfair and deceptive acts that were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff, and other consumers. Trails Carolina has a knowledge advantage that consumers do not about its business, both prior to parents choosing to trust their children to its custody and care, and while Trails Carolina has exclusive custody and care over the children. Trails Carolina's unfair and deceptive acts include,

without limitation, the following:

a) Mischaracterizing and intentionally withholding the risk profile of students it admits into its program and their proclivity for sexual misconduct against others;

b) Withholding from parents the true risks of sexual assault in its program;

c) Withholding from parents timely information about children suffering assault and battery while in Trail Carolina's custody and care;

d) Upon information and belief, failing to make the mandatory public reporting required by N.C.G.S. § 7B-301 or other criminal reports in order to avoid public scrutiny into its business operations;

e) Failing to take the necessary steps in its business operations to prevent and promptly intervene in incidents of sexual assault and battery, including choosing to admit and retain students with a history of sexual misconduct and failing to provide adequate training and supervision of its employees.

40. As the direct result of the foregoing deceptive solicitation and the immoral, unethical and unscrupulous manner that Trails Carolina conducts its business, Plaintiff was substantially injured, and they hereby seek relief in excess of $75,000.00, exclusive of interest and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and prays for judgment against Trails Carolina in an amount of actual and punitive damages as the trier of fact may find, attorneys' fees, prejudgment interest, costs, and for such further relief this Court may deem just and proper.

[Signature Page Follows]

s/Shaun C. Blake
Shaun C. Blake, Esq. (N.C. Bar #35819)
Jenkins M. Mann, Esq. (*pro hac pending*)
Attorneys for Plaintiffs
ROGERS LEWIS JACKSON MANN & QUINN, LLC
1901 Main Street, Suite 1200
Columbia, SC 29201
Tel: (803) 256-1268
Fax: 803-252-3653
Email: sblake@rogerslewis.com
jmann@rogerslewis.com

April 7, 2023