UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-00020

| | |
|---|---|
| **CLARA M. MANN,** <br>             Plaintiff, <br> v. <br> **TRAILS CAROLINA, LLC**, <br>             **Defendant.** | **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

**NOW COMES** Defendant Trails Carolina, LLC, (hereinafter "Defendant"), and answers the Complaint of Clara M. Mann, (hereinafter" Plaintiff"), as follows:

## FIRST DEFENSE AND MOTION TO DISMISS

Defendant moves this Court, pursuant to pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of Plaintiff's Second Cause of Action for alleged violation(s) of N.C. Gen. Stat. § 75-1.1 et seq. on the basis of the learned profession exemption under N.C. Gen. Stat. § 75-1.1(b).

## SECOND DEFENSE AND MOTION TO DISMISS

Defendant moves this Court, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, for dismissal of any claims by Plaintiffs for alleged medical expenses incurred prior to Plaintiff reaching the age of majority, inasmuch as such claims for medical expenses during minority would be vested in the parents, guardians, or other individual(s) financially responsible for such expenses at such time under North Carolina law. *See, e.g.* Vaughan v. Moore, 89 N.C. App. 566, 567 366 S.E.2d 518, 520 (1988).

## ANSWER AND THIRD DEFENSE

1.  This answering Defendant is without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 1 and, as such, denies the same.

2. This answering Defendant admits that its website *currently* states that it is "One of the Best Wilderness Programs for Teams" and that the groups are "led by experienced, licensed therapists who specialize in working with youth who fit their group's profile – and it shows" and that they work to ensure that participants "receive the support they need, starting by introducing them to their single-gender, age-appropriate group they'll be growing with." Except where explicitly admitted, denied.

3. The allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 are denied.

6. The allegations contained in Paragraph 6 are denied.

7. This answering Defendant is without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 7 and, as such, denies the same.

8. With respect to the allegations contained in Paragraph 8, it is admitted that Trails Carolina is a limited liability company organized and existing under the laws of the State of North Carolina since June 25, 2008 and that its principal place of business is in Transylvania County, North Carolina. It is further admitted that Trails Carolina's sole managing member is Wilderness Training & Consulting, LLC, an Oregon limited liability company. Except where explicitly admitted, denied.

9. The allegations contained in Paragraph 9 state legal conclusions, to which no response is required. To the extent a response is required, denied.

10. The allegations contained in Paragraph 10 state legal conclusions, to which no response is required. To the extent a response is required, denied.

11. This answering Defendant is without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 11 and, as such, denies the same.

12. With respect to the allegations contained in Paragraph 12, this answering Defendant admits that Trails Carolina is a wilderness therapy program helping teens and adolescents who struggle with mental health challenges. Except where explicitly admitted, denied.

13. With regard to the allegations contained in Paragraph 13, it is admitted that Trails Carolina advertises that its program is designed for young adults with behavioral issues such as school refusal, ADHD, attachment issues, and manipulative behavior. All remaining allegations of said paragraph are denied.

14. The allegations contained in Paragraph 14 are denied.

15. The allegations contained in Paragraph 15 are denied.

16. The allegations contained in Paragraph 16 are denied.

17. The allegations contained in Paragraph 17, including each and every subpart, are denied.

18. The allegations contained in Paragraph 18 are denied.

19. This answering Defendant admits that Plaintiff was enrolled in the Trails Carolina program in Transylvania County, North Carolina on or about the dates identified in Paragraph 19. This answering Defendant is without sufficient knowledge or information upon which to form a belief as to as to the truthfulness of the remaining allegations contained in Paragraph 19 and, as such, denies the same.

20. Upon information and belief, the allegations contained in Paragraph 20 are admitted.

21. This answering Defendant is without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 21 and, as such, denies the same.

22. The allegations contained in Paragraph 22 are denied.

23. This answering Defendant is without sufficient knowledge or information upon which to form a belief as to the truthfulness of the allegations contained in Paragraph 23 and, as such, denies the same.

24. The allegations contained in Paragraph 24 are denied.

25. With regard to the allegations contained in Paragraph 25, it is admitted that on or about November 12, 2019, Plaintiff sent a letter to Dr. Mann which stated "I do want the police involved." All remaining allegations of said paragraph are denied.

26. Upon information and belief, the allegations contained in Paragraph 26 are admitted.

27. With regard to the allegations contained in Paragraph 27, it is admitted that Dr. Mann and Trails Carolina staff member, Shalene Pierce, had a conversation on or about November 14, 2019. All remaining allegations of said paragraph are denied.

28. With regard to the allegations contained in Paragraph 28, it is admitted that Shalene Pierce from the Trails Carolina program offered Dr. Mann the option to get the police involved, which he declined. Ms. Pierce advise that she would continue to speak with Plaintiff regarding the November 12, 2019 letter and alleged incident. Except where explicitly admitted, denied.

29. The allegations contained in Paragraph 29 are denied.

30. With regard to the allegations contained in Paragraph 30, it is admitted that Shalene Pierce from the Trails Carolina program asked Plaintiff about the alleged incident on multiple occasions after she wrote the November 12, 2019 letter and the Plaintiff did not want to

talk about it. It is further admitted that on November 19, 2019, Plaintiff revealed the accused's identity for the first time to Ms. Pierce. Except where explicitly admitted, denied.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. With regard to Paragraph 33, this answering Defendant incorporates herein by reference its responses to all previous allegations made in this Complaint.

34. The allegations contained in Paragraph 34 state legal conclusions, to which no response is required. To the extent a response is required, this answering Defendant admits that it owes whatever legal duty to enrollees in its program that may be determined by the Court. This answering Defendant expressly denies that it breached any legal duty to Plaintiff. This answering Defendant further expressly denies that it breached any duty of reasonable care to Plaintiff. Except where explicitly admitted, denied.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

38. With regard to Paragraph 38, this answering Defendant incorporates herein by reference its responses to all previous allegations made in this Complaint.

39. The allegations contained in Paragraph 39, including each and every subpart, are denied.

40. The allegations contained in Paragraph 40 are denied.

### THIRD DEFENSE

If it is determined that this answering Defendant was negligent, as alleged in the Plaintiff's Complaint or otherwise, which has been and is once again expressly denied, then upon information and belief, it is alleged that intervening negligence and intervening cause on the part of the one or more third parties insulated any negligence on the part of this answering Defendant;

that such intervening negligence and cause was not foreseeable to this answering Defendant; and that such insulating negligence is pled in bar of any purported right of Plaintiff to recover anything of this answering Defendant in this action.

**WHEREFORE,** Defendant Trails Carolina, LLC, having fully answered the Amended Complaint of the Plaintiff, pray the Court as follows:

1. That Plaintiff have and recover nothing of this answering Defendant in this action, and that this action be dismissed;

2. That all issues of fact be tried before a jury;

3. That the costs of this action be taxed against Plaintiff; and

4. For such other and further relief as the Court may deem just and proper.

This the 25th day of April, 2023.

/s/ KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817
David L. Levy
NC State Bar No. 34060
HEDRICK GARDNER KINCHELOE &
GAROFALO, LLP
4201 Congress Street, Suite 300
Charlotte, NC 28209
Phone: 704-319-5426
Fax: 704-602-8178
Email: dlevy@hedrickgardner.com
kdambrosio@hedrickgardner.com
*Attorneys for Defendant Trails Carolina, LLC*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document *Answer to Plaintiff's Amended Complaint* was served upon all counsel of Record via ECF as follows:

> Shaun Blake
> Jenkins M. Mann
> Rogers Lewis Jackson Mann & Quinn LLC
> 1901 Main Street, Suite 1205
> jmann@rogerslewis.com
> *Attorney for Plaintiffs*

This the 25th day of April, 2023.

/s/KRISTY M. D'AMBROSIO
Kristy M. D'Ambrosio
NC State Bar No. 52817