**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL ACTION NO. 1:23-CV-00020**

| | |
|---|---|
| **CLARA M. MANN,** | **MEMORANDUM OF LAW IN SUPPORT** |
| **Plaintiff,** | **OF DEFENDANT TRAILS CAROLINA,** |
| | **LLC'S MOTION FOR *IN CAMERA*** |
| **v.** | **REVIEW OR, IN THE ALTERNATIVE,** |
| | **MOTION TO SEAL** |
| **TRAILS CAROLINA, LLC,** | |
| **Defendant.** | |

     **NOW COMES** the Defendant, Trails Carolina, LLC (hereinafter "Defendant"), by and through counsel, and submits this brief in support of Defendant's Motion for *In Camera* Review, or, in the alternative, Motion to Seal. Defendant moves the Court to permit an *in camera* review of the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case. In the alternative, Defendant requests that the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case be made under seal, pursuant to Local Rule 6.1(c), and subject to a protective order.

## BACKGROUND

     Trails Carolina is a residential wilderness therapy treatment program located in Lake Toxaway, North Carolina, which provides therapeutic programs to adolescents dealing with a variety of mental health problems. Plaintiff Clara Mann was enrolled in the Defendant's program from October 23, 2019 to November 23, 2019. During her enrollment at Trails Carolina, Plaintiff contends that Trails Carolina fostered an environment that allowed her to allegedly be sexually assault by another student.

## PROCEDURAL HISTORY

On or about January 19, 2023, Plaintiff filed the instant action alleging causes of action for negligence, gross negligence, and violation of the unfair deceptive trade practices under N.C.G.S. § 75-1.1 et. seq. [Doc. 1].

On January 25, 2023, Defendant filed its initial Corporate Disclosure Statement disclosing that it was a privately held corporation and that its parent corporation was Wilderness Training & Consulting, LLC. [Doc. 8].

On March 24, 2023 Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6). [Doc. 10]. On April 7, 2023, Plaintiff filed an Amended Complaint rendering Defendant's Motion to Dismiss as moot. [Doc. 12]. On April 25, 2023, Defendant filed its Answer to the Amended Complaint. [Doc. 15].

On June 20, 2023, at the request of the Court, the parties appeared via telephone conference before the Honorable Magistrate Judge W. Carleton Metcalf. At that conference, Judge Metcalf directed Defendant to file an Amended Disclosure by Party of Intervenor in a Diversity Case.

On July 5, 2023, Defendant filed an Amended Disclosure by Party of Intervenor in a Diversity Case disclosing that Wilderness Training & Consulting, LLC is the sole member-manager of Defendant Trails Carolina, LLC. [Doc. 18]. Defendant further represented that Wilderness Training & Consulting, LLC was owned by various limited liability corporations and that none of the of corporate and individual entities in the levels below Trails Carolina were citizens of the state of South Carolina. Defendant further acknowledged that the Court had jurisdiction over this action and that there was complete diversity between Plaintiff and Defendant.

On July 10, 2023, the Court issued an Order stating that the citizenship of the members of each limited liability company must be fully traced and directing the parties to appear for a hearing on the Defendant's Disclosure by Party of Intervenor in a Diversity Case. [Doc. 20].

On July 24, 2023, Defendant filed its Supplemental Statement Regarding Amended Disclosure by Party or Intervenor in a Diversity Case, requesting that the Court conduct an *in camera* review of the Defendant's forthcoming Supplemental Amended Disclosure by Party of Intervenor in a Diversity Case. [Doc. 21].

On July 26, 2023, the Court issued an Order denying without prejudice Defendant's request for an *in camera* review of the Defendant's Supplemental Amended Disclosure by Party of Intervenor in a Diversity Case. [Doc. 22]

## ARGUMENT

Defendant has and will continue to abide by the court directives; however, Defendant respectfully submits the instant motion based on significant privacy and discovery considerations. Defendant is not challenging the Court's ability to gather the information that it believes is necessary in its administration of justice. Rather, Defendant is seeking a solution that provides the Court with the necessary information while still reserving applicable objections to eventual discovery requests and protecting individuals affiliated with member limited liability companies from legitimate privacy concerns.

Given these circumstances, Defendant respectfully requests the opportunity to provide the Court with the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case for *in camera* review. In the alternative, should the Court deny Defendant's request for an *in camera* review, Defendant respectfully requests that its forthcoming Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case Form be filed under seal, pursuant to Local Rule 6.1(c), and subject to a forthcoming protective order.

Pursuant to the Court's directive, Defendant has prepared a disclosure identifying the citizenship of every individual member of every limited liability company following the tracing

structure. However, as Trails Carolina is a privately held corporation, it has significant privacy concerns about said information becoming publicly assessable, especially in light of the current public perception of similar programs due to recent celebrity documentaries. In order to protect its members against privacy and safety considerations, Defendant requests that, to the extent requires a filing, such filing be made under permanent seal. Additionally, Defendant requests that the Court reserve ruling on whether the information sought by the corporate disclosure is, in fact, discoverable.

## I.      Defendant Requests Submitting a Supplemental Disclosure by Party of Intervenor in a Diversity Case *In Camera*

Defendant respectfully requests the opportunity to submit Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case for the Court's review *in camera*. At the outset, it is submitted that the purpose of the Court's required corporate ownership disclosure is to ensure that there is complete diversity of citizenship. In the instant case, Defendant has conceded that there is complete diversity as noted in Defendant's Supplemental Statement Regarding Amended Disclosure by Party of Intervenor in a Diversity Case. *See* Doc. 18 ¶ 6.

Defendant respectfully submits that the information sought in the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case is not ripe for discovery at this time as Plaintiff has not yet served discovery requests. Defendant respectfully objects to disclosure of the individual members' names in discovery as overbroad and not reasonably calculated to lead to the discovery of admissible nor relevant information.

The information contained in Defendants' Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case should be treated by the Court in the same manner as documentation or information potentially subject to work product protection. "The work product privilege protects

an attorney's work done in preparation for litigation." *In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004*, 401 F.3d 247, 250 (4th Cir. 2005). The Court's *in camera* review is appropriate when information being sought it alleged to be protected by the work product privilege. Defendant respectfully submits that the information sought is tantamount to fact work product, which can be discovered only upon the showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. *Id.* Defendant submits that there is no substantial need on the part of Plaintiff for the information sought as Defendant has conceded complete diversity and disclosed significant insurance coverage information through prior filings and its disclosures pursuant to Fed.R.Civ.P. Rule 26 (a)(1).

Further, Defendant represents that there is a substantial risk of harm to the individual members should such information be made public as Defendant and its affiliated organizations often are the subject of negative social media content, which at times includes serious threats of violence. Defendant and its member organizations have been subject to online threats on various social media platforms, including but not limited to Reddit and TikTok. At times, these online postings have called for physical violence against program staff, owners, and/or their families. Defendant also notes that the public disclosure of the information sought at this stage is not required to be disclosed through the North Carolina Secretary of State with required business filings. Defendant respectfully submits that their information should not be made public as a result of a corporate disclosure statement, which is used for ensuring complete diversity especially in light of the fact that Defendant has conceded complete diversity at this stage.

Based on the foregoing, Defendant respectfully requests that the Court conduct an *in camera* review of the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case to gather the citizenship information that the Court seeks regarding the members of the various limited liability companies.

## II.    In the Alternative, Defendant Requests the Court Seal Defendant's Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case

In the event, that the Court denies Defendant's request for an *in camera* review of Defendant's Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case, Defendant requests that the disclosure be filed under seal, pursuant to Local Rule 6.1(c). Local Rule 6.1(c) states:

> **Motion to Seal or Otherwise Restrict Public Access.** A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed under the designation "Motion to Seal." The motion must set forth:
>
> (1) A non-confidential description of the material sought to be sealed;
>
> (2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>
> (3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>
> (4) Supporting statutes, case law, or other authority. To the extent the party must disclose any confidential information in order to support the motion to seal, the party may provide that information in a separate memorandum filed under seal.

A magistrate judge's power to control access to judicial records and documents falls under the "additional duties" prong of the Federal Magistrates Act, and decisions under that prong are accorded *de novo* review by the district court. 28 U.S.C.A. § 636(b)(3); *see In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283 (4th Cir. 2013). In evaluating applications to copy and inspect judicial records, the Court may consider possible injury to innocent third persons. *See In re Application of Nat'l Broad. Co.,* 653 F.2d 609, 620 (D.C.Cir.1981) (stating that "the interest in avoiding injury to innocent third persons" can be a significant interest justifying restriction of access to court documents).

In the instant case, the material sought to be sealed includes information regarding the membership of various privately held limited liability companies. Defendant respectfully submits that sealing is necessary in order to protect the various members of the privately held limited liability companies from public disclosure of their information. In recent years, there has been significant publicity regarding programs similar to that of the Trail Carolina program, which has resulted in activists directly seeking out members in effort to advance their personal agendas. This climate has created safety concerns for members of similar wilderness therapy type programs. Defendant has significant concerns that disclosure of their individual members will jeopardize the safety of said members and, as such, is requesting a permanent sealing of this information.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests an *in camera* review of the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case or, in the alternative, Defendant requests that the Supplemental Amended Disclosure by Party or Intervenor in a Diversity Case be made under seal, pursuant to Local Rule 6.1(c), and under a protective order.

[SIGNATURES ON THE FOLLOWING PAGE]

This the 1st day of August, 2023.

HEDRICK GARDNER KINCHELOE &
GAROFALO LLP

By: */s/ Kristy M. D'Ambrosio*_____
      DAVID L. LEVY
      NC State Bar No. 34060
      KRISTY M. D'AMBROSIO
      NC State Bar No. 52817
      4201 Congress Street, Suite 300
      Charlotte, NC 28209
      Phone: 704-366-1101
      Fax: 704-366-6181
      dlevy@hedrickgardner.com
      kdambrosio@hedrickgardner.com
      *Attorneys for Defendant Trails Carolina,*
      *LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document *Memorandum of Law in Support of Defendant's Motion for In Camera Review, or in the alternative, Motion to Seal* was served upon all counsel of Record via ECF as follows:

> Shaun C. Blake (NC Bar #35819)
> Jenkins M. Mann (pro hac vice pending)
> Rogers Lewis Jackson Mann & Quinn LLC
> 1901 Main Street, Suite 1205
> Columbia, SC 29201
> sblake@rogerslewis.com
> jmann@rogerslewis.com
> F: (803) 252-3653
> Attorneys for Plaintiff

**This the 1st day of August, 2023.**

> */s/ Kristy M. D'Ambrosio*
> **KRISTY M. D'AMBROSIO**
> **NC State Bar No. 52817**