IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00020-MR-WCM

| | |
|---|---|
| CLARA M. MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| TRAILS CAROLINA, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Trails Carolina, LLC's Motion for In Camera Review or, in the Alternative, Motion to Seal (the "Motion for In Camera Review," Doc. 23).

I. Relevant Background

In late January 2023, Defendant filed a Disclosure by Non-Governmental Corporate Party of Corporate Affiliations and Other Entities with a Direct Financial Interest in Litigation form (the "Corporate Disclosure Statement," Doc. 8) and a Disclosure by Party or Intervenor in a Diversity Case form (the "Citizenship Disclosure Statement," Doc. 9).

Because neither of these items provided sufficient information from which the citizenship of Defendant, which is a limited liability company, could be determined, during an initial pretrial conference on June 20, 2023

1

Defendant was instructed to file an Amended Citizenship Disclosure Statement.

Defendant did so and the Amended Citizenship Disclosure Statement, Doc. 18, provided additional details relative to Defendant's citizenship. Defendant did not, though, sufficiently trace the citizenship of all persons and entities in Defendant's organizational lineage. Defendant also requested that, should the Court need additional information regarding Defendant's citizenship, Defendant be given an opportunity to be heard.

A hearing was therefore scheduled for July 28, 2023.

On July 24, 2023, Defendant filed a "Supplemental Statement" requesting that the Court conduct an *in camera* review of a Second Amended Citizenship Disclosure Statement that Defendant had prepared or, in the alternative, that the Second Amended Citizenship Disclosure Statement be filed under seal subject to a forthcoming consent protective order. Doc. 21. The Supplemental Statement also indicated that counsel for both Plaintiff and Defendant had conflicts with the July 28 hearing date and asked that it be rescheduled, if the Court was still inclined to conduct a hearing.

By Order entered on July 26, 2023, the undersigned continued the hearing and denied without prejudice Defendant's request that the Court consider information regarding Defendant's citizenship on an *in camera* basis. Defendant was advised, though, that it could renew its request by a properly

2

Case 1:23-cv-00020-MR-WCM    Document 27    Filed 08/09/23    Page 2 of 8

supported motion which would be considered at the upcoming hearing. The Clerk docketed the Order the same day and rescheduled the hearing for August 2, 2023.

Defendant filed the Motion for In Camera Review, along with a supporting memorandum, on August 1, 2023, Docs. 23, 24, and the hearing was conducted on August 2, 2023.[1]

## II. Discussion

In cases like this one where subject matter jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332(a), Rule 7.1(a)(2) of the Federal Rules of Civil Procedure requires that each party file a disclosure statement, "unless the court orders otherwise." The statement "must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party…." Fed. R. Civ. P. 7.1(a)(2).

The Advisory Committee Notes to the Rule acknowledge that "the court may limit the disclosure in appropriate circumstances"; the Notes indicate, for

---

[1] When the case was called on August 2, counsel for Defendant appeared but counsel for Plaintiff did not. After efforts to reach him were unsuccessful, the undersigned held the case open and proceeded to address other matters on the calendar. When the case was later recalled, defense counsel reported that Plaintiff's counsel had been reached and had advised that Plaintiff did not object to the sealing of a Second Amended Citizenship Disclosure Statement. Plaintiff's counsel also communicated this information to the undersigned's courtroom deputy and defense counsel by email. Counsel also reported that his nonappearance was due to an administrative/calendaring error and sent his apologies in that regard. Therefore, the Court proceeded to hear from defense counsel.

instance, that "the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure."

Here, Defendant essentially contends that such an exception should be made, and that the Court should either review Defendant's Second Amended Citizenship Disclosure Statement *in camera* or allow it to be filed under seal, such that – either way – the names and citizenship of the involved persons or entities do not appear on the public record.

In support of this request, Defendant makes two arguments. First, Defendant contends that "the information sought in the [Second Amended Citizenship Disclosure Statement] is not ripe for discovery at this time as Plaintiff has not yet served discovery requests," objects to disclosure of the individual members' names in discovery as being overbroad and not reasonably calculated to lead to the discovery of admissible or relevant information, and contends that such information should be treated "in the same manner as documentation or information potentially subject to work product protection." Doc. 24 at 4.

This argument, though, misses the point. The question is not whether Defendant's citizenship information may be discovered in the ordinary course

4

under Rule 26 and other applicable Rules,[2] but whether an exception to Rule 7.1(a)(2)'s disclosure requirement should be made.

Second, Defendant states that there "is a substantial risk of harm to the individual members should such information be made public as Defendant and its affiliated organizations often are the subject of negative social media content, which at times includes serious threats of violence." In that regard, Defendant states that it "and its member organizations have been subject to online threats on various social media platforms…" and that "[a]t times, these online postings have called for physical violence against program staff, owners, and/or their families." Doc. 24 at 5.

Defense counsel reported during the hearing that he had found no cases from courts within the Fourth Circuit that have addressed whether the citizenship information required by Rule 7.1(a)(2) may be excluded from the public record, and the undersigned's independent research has likewise revealed no such authorities.

Some courts outside of the Fourth Circuit, however, have considered – and denied – this type of request, and the undersigned finds these authorities to be persuasive. See Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC, No. 2:23-CV-81-SPC-KCD, 2023 WL 2435806 (M.D. Fla. Feb. 16, 2023)

---

[2] Defense counsel stated during the hearing that no formal, or informal, discovery request for this information has been propounded by Plaintiff.

5

(denying plaintiffs' motion to file members' identities under seal or to submit the information for in camera review and finding that plaintiffs had not articulated a legitimate privacy interest in their members' identities and that preference for the information to remain private did not overcome the presumption of public access); Wilkins v. Tory Burch, LLC, No. 4:23-CV-422 RLW, 2023 WL 3600084 (E.D. Mo. May 23, 2023) (denying defendant's motion for protective order and to seal disclosure statement where defendant failed to explain why the public disclosure of its members' information could harm its business); Manssor v. NRRM, LLC, No. EP-23-CV-00236-DCG, 2023 WL 4093413 (W.D. Tex. June 20, 2023) (denying defendant's request for leave to identify the initials and citizenship of three of its members but to omit their full names); Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc., No. 3:22-CV-00237-SLH, 2023 WL 4711158 (W.D. Pa. July 24, 2023) (finding that plaintiff had failed to show it meets the exception to Rule 7.1's disclosure requirements and stating that "merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities" and that plaintiff's "limited partner's preference to avoid disclosure is not a specific, substantial privacy interest").

Research has located no authorities that address the specific question of whether a party's interest in ensuring the safety of its members and/or

employees, and avoiding potentially threatening communications, could constitute the type of "substantial interest[] in privacy" contemplated by the Advisory Committee Notes that could, in turn, justify an exception to Rule 7.1(a)(2)'s disclosure requirement. However, it is not necessary for the Court to answer that question here because, even assuming an interest based in safety concerns could support relieving a party of its disclosure obligation, such an exception is not warranted under the circumstances presented.

Defendant's description of its concerns and the potential communications it fears may materialize if the required disclosure is made is not sufficiently particularized. The Court has not been provided with examples of specific statements that have been made in the past to Defendant's members or employees. Likewise, no information has been provided about the specific person or persons to whom such statements have been directed, how frequently and/or recently they have been made, or the basis for Defendant's belief that such statements will be made if the required citizenship disclosure is provided in this specific case. These details are particularly relevant given the number of members and/or owners that appear to be in Defendant's corporate family structure.[3]

---

[3] By way of example, according to the Amended Citizenship Disclosure Statement, the grandparent entity of Defendant is itself a limited liability company whose members include nine (9) additional limited liability companies and twenty (20) individuals.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Trails Carolina, LLC's Motion for In Camera Review or, in the Alternative, Motion to Seal (Doc. 23) is **DENIED**.

2. Defendant is **DIRECTED TO FILE** a Second Amended Citizenship Disclosure Statement that fully complies with Rule 7.1(a)(2) on or before **August 16, 2023.**

Signed: August 9, 2023

W. Carleton Metcalf
United States Magistrate Judge