IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00020-MR-WCM

| | | |
|---|---|---|
| CLARA M. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| TRAILS CAROLINA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Trails Carolina, LLC's Motion for Reconsideration, Doc. 28, by which Defendant asks the Court to reconsider its August 9, 2023 Order that denied Defendant's Motion for In Camera Review or, in the Alternative, Motion to Seal.

As an initial point, the legal standard referenced by the Motion is incorrect. Defendant has brought the Motion pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, but that Rule applies to final judgments and orders; motions for reconsideration of interlocutory orders, such as the August 9 Order, "are not subject to the strict standards applicable to motions for reconsideration of a final judgment…. [A] district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) (internal citations omitted); see also

1

Russe v. Harman, No. 1:21-CV-00270-MR-WCM, 2022 WL 855912, at n. 1 (W.D.N.C. Mar. 22, 2022) (noting that while plaintiff had moved for relief under Rule 60(b)(3), the subject text order was not a "final order" within the meaning of Rule 60).

Even under this less exacting standard, though, Defendant has not made a sufficient showing to warrant the filing under seal of its Second Amended Citizenship Disclosure Statement.

Defendant's most recent filings disclose more details regarding comments that have been posted online about programs such as the one operated by Defendant and now, for the first time, provide examples of some of those comments. However, only some of the statements appear to have been made in reference to Defendant's specific program and no information has been provided to explain why threatening comments or statements made in relation to other programs should be considered to be a basis for sealing Defendant's citizenship information.

In that regard, Defendant has submitted an affidavit of Hayden Dupell, who states that he is a citizen and resident of Oregon and the chief operating officer for "Family Health & Wellness," which provides mental and behavioral health services "through multiple programs around the United States," including through Defendant. Defendant has also submitted an affidavit of Megan Stokes, who states that she is "not personally affiliated with" Defendant

but is "familiar with the programs offered by Family Help & Wellness." Both affiants indicate that negative and/or threatening comments have been made in relation to mental and behavioral health services programs. The corporate relationship of "Family Health & Wellness" and Defendant, though, is not explained.

Even now, Defendant's complete organizational lineage remains unclear but, from the information that has been provided, it appears that a large number of persons and/or entities are in that lineage. According to Defendant's Amended Citizenship Disclosure Statement, Defendant's sole member-manager is Wilderness Training & Consulting, LLC. That entity's sole member-manager is WTCSL, LLC, whose member-managers are comprised of nine (9) limited liability companies and twenty (20) individuals. Just one of those limited liability companies is itself owned by four (4) additional limited liability companies and one individual member. See Doc. 18.

In short, Defendant has not fully described its organizational structure (even without identifying each individual or corporation by name) or made a particularized showing regarding potential threats to each person or entity in that structure.

Further, to the extent that Defendant's Rule 7.1(a)(2) disclosure statement would ultimately require the identification of one or more

3

corporations, as opposed to individuals, Defendant has not explained why that information should be sealed.

In addition, Rule 7.1(a)(2) requires that a party's disclosure statement name and identify the citizenship of each pertinent individual or entity. The Rule does not require the party to provide further details about those persons or entities. On a related note, it appears from Defendant's exhibits that information for certain individuals (if those individuals are persons whose citizenship must be disclosed) already appears on publicly available websites and, as noted above, Hayden Dupell has submitted an affidavit in which he states that he is a citizen and resident of Oregon.[1]

Next, Defendant has not identified any case in which a court has allowed the type of relief Defendant seeks.

The Court acknowledges Defendant's concern for the safety of the persons in Defendant's organizational lineage. However, those persons (whoever they may be) have made the choice of how to hold their interests in the associated entities. See WSOU Invs., LLC v. Salesforce, Inc., No. 6:20-CV-1163 (ADA), 2023 WL 2213200, at *2 (D. Del. Feb. 24, 2023) ("Corporations and LLCs may offer individuals protection from liability, but they don't entitle individuals to anonymity in court proceedings.").

---

[1] It is unknown if Mr. Dupell is among the group of persons and entities whose citizenship must be disclosed pursuant to Rule 7.1(a)(2).

Defendant has not previously, and has not now, demonstrated that an exception to Rule 7.1(a)(2)'s disclosure requirement should be made in this case and that the identities and citizenship of a still-unknown number of partially unnamed persons and entities in Defendant's organizational lineage should be placed under seal.

**IT IS THEREFORE ORDERED THAT** Defendant Trails Carolina, LLC's Motion for Reconsideration (Doc. 28) is **DENIED.**

Signed: August 15, 2023

W. Carleton Metcalf
United States Magistrate Judge