IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00020-MR-WCM

| | |
|---|---|
| CLARA M. MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| TRAILS CAROLINA, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion to Compel (the "First Motion to Compel," Doc. 39); Plaintiff's Motion for Qualified Protective Order Pursuant to 45 C.F.R. § 164.512(e) (the "Motion for Qualified Protective Order," Doc. 40); Plaintiff's Second Motion to Compel Discovery Responses (the "Second Motion to Compel," Doc. 49); and Plaintiff's Motion for Modification of Pretrial Order and Case Management Plan (the "Motion to Extend," Doc. 51).

A hearing on the Motions was conducted on January 29, 2024. Following the parties' initial presentations, the Court recessed to allow counsel an opportunity to confer further regarding the disputed discovery issues. During those discussions, the parties were able to resolve many of the issues. Thereafter, the undersigned ruled orally on the remaining disputes. This Order memorializes those rulings.

1

IT IS THEREFORE ORDERED THAT:

1. The First Motion to Compel (Doc. 39) and Second Motion to Compel (Doc. 49) are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. With respect to Interrogatory No. 4, Request for Production No. 2, and Request for Production No. 12, to the extent Plaintiff seeks to compel production of the documents listed on Defendant's privilege log, the Motions are **DENIED.**

    b. With respect to Interrogatory No. 9, which seeks to compel the production of information regarding other investigations that "involve allegations of sexual assault or other matters similar in nature to the Occurrence," the Motions are **GRANTED IN PART**, and Defendant is directed to produce such information for the time period beginning 5 years prior to Plaintiff's residency through the date of the filing of Plaintiff's first complaint.

    c. With respect to Interrogatory No. 10, the Motions are **DENIED**.

    d. With respect to Interrogatory No. 14, the Motions are **GRANTED**, and Defendant is directed to provide responsive information, provided however that such production 1) is limited to the time period beginning 5 years prior to Plaintiff's residency through the date of the filing of Plaintiff's first complaint and 2) may be made subject to a Qualified Protective Order, to the extent Defendant

reasonably contends that the responsive information contains protected health information ("PHI").

e. With respect to Requests for Production Nos. 5 and 16, which seek to compel the production of documents reflecting other claims or complaints, the Motions are **GRANTED IN PART**, and Defendant is directed to produce such documents, provided however that such production 1) is limited to information concerning claims or complaints that involve allegations of sexual assault or other matters similar in nature, 2) is limited to the time period beginning 5 years prior to Plaintiff's residency through the date of the filing of Plaintiff's first complaint and 3) may be made subject to a Qualified Protective Order, to the extent Defendant reasonably contends that the responsive information contains PHI.

f. With respect to Request for Production No. 15, which seeks to compel production of documents related to correspondence with accrediting agencies including the Commission on Accreditation of Rehabilitation Facilities, Cognia, and NATSAP regarding allegations similar to those that are the subject of this lawsuit, the Motions are **GRANTED IN PART**, and Defendant is directed to produce responsive documents, provided however that such

3

production 1) is limited to the time period beginning 5 years prior to Plaintiff's residency through the date of the filing of Plaintiff's first complaint and 2) may be made subject to a Qualified Protective Order, to the extent Defendant reasonably contends that the responsive information contains PHI.

g. In all other respects and in light of the parties' resolution of the remaining discovery issues., the Motions to Compel are **DENIED AS MOOT**.

2. Plaintiff's Motion for Qualified Protective Order (Doc. 40) is **GRANTED**, and the parties' revised agreed proposed Qualified Protective Order, attached hereto, is **ENTERED**, provided however that this Court's Administrative Procedures, as well as Local Civil Rule 6.1, remain in effect.

3. Plaintiff's Motion to Extend (Doc. 51) is **GRANTED IN PART**, and the following deadlines are **EXTENDED** as follows:

   a. Discovery through and including March 18, 2024;

   b. Mediation through and including April 3, 2024; and

   c. Motions through and including April 17, 2024.[1]

Signed: January 31, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[1] The Court has not set a specific deadline for Defendant to produce the information described above. However, as counsel for Defendant indicated that all of the information that had not yet been produced was available during the hearing, the Court presumes that Defendant's supplemental production will be made forthwith.