

Shaun C. Blake, Esq.
Cell: (803) 834-9335
sblake@rogerslewis.com

February 5, 2024

**Via Email Only**
Kristy M. D'Ambrosio, Esq.
Hedrick Gardner
4201 Congress Street, Suite 300
Charlotte, NC 28209

RE: Clara Mann v. Trails Carolina, LLC

Dear Kristy:

Following up on our consultation on the phone on Friday, I did not hear from you and Dave this morning. Therefore, I am once more consulting with you in writing.

We are in receipt of and have reviewed what Trails has provided us as additional discovery responses. Please accept this letter as the consultation required under Local Rule 7.1(b) prior to the filing of a motion for relief under Rule 37. As always, if you would like to discuss this over the phone, please call my cell phone as it is the best way to reach me. Feel free to text if I cannot answer your call.

**Improper Redactions:** We are in receipt of Trails Carolina's Second Supplemental Response to Plaintiffs Second Set of Interrogatories and Requests for Production bearing today's date. There are redactions in Ivy Matheson's records. These are improper and not permitted under the QPO. Likewise, the records of ███████████████████████████████████ ████████ have been likewise improperly redacted without any provision of the QPO allowing for that redaction since the records have already been de-identified. Please produce unredacted copies of the documents produced last week, TC 1859 to TC 3147, at once and in accordance with Judge Metcalf's order, or we will proceed with moving for relief under Rule 37 for failing to comply with the Court's orders.

**Interrogatory #1**: We still don't have the actual addresses or phone numbers for Shalene Pierce, Jeremy Whitworth, Jeniveve Rollins, Tim Newbill, Mary Powers, Kristen Morehart, Jana Eilermann, or Melissa Turner. Rather, it just references your law firm. Therefore, please confirm that you are representing these individuals and have authority to accept any discovery and trial subpoenas on their behalf, and that is fine unless and until you lack that authority.

**Interrogatory #3**: Just so that we are not talking past each other, we are not "representing" something about this interrogatory - we entered a stipulation in the record with Judge Metcalf at the hearing on 1/29 to resolve the motion to compel. That stipulation stated that the interrogatory was modified to reflect ", excluding outside counsel" has been added to the interrogatory. This leaves the interrogatory seeking the Identification of those who investigated or participated in the investigation excluding Defendants' outside counsel.

1901 Main Street, Suite 1200, Columbia, SC 29201 ▪ P.O. Box 11803 (29211)
Office: (803) 256-1268 ▪ Fax: (803) 252-3653 ▪ www.rogerslewis.com
Case 1:23-cv-00020-MR-WCM   Document 56-5   Filed 02/15/24   Page 1 of 3

Clara Mann v. Trails Carolina, LLC
February 5, 2024

**Interrogatory #4**: This interrogatory was not denied by the court in its entirety, it was only denied "to the extent Plaintiff seeks to compel production of the documents listed on Defendant's privilege log." ECF No. 55, p. 2, par. 1.a. As we have stipulated, the request does not seek communications between Hedrick Garnder and Defendant that has not copied or been provided to someone else, and such information does not need to be logged or identified as withheld, just as our firm is not logging or disclosing the same. As to the concern over the work product doctrine, you have agreed to speak to Trails Carolina and disclose the date when Steve Brigance (sp?), Esq. was first communicated with by Trails Carolina regarding the potential of litigation or claims by Clara Mann. Please provide this information, or if you are unable to provide it informally, please let us know that today and we will just send that interrogatory.

**Interrogatory #9**: Please confirm that Trails will provide, for the 19 occurrences on TC 003156 to TC 003174, a "full description and narrative account of the act ... or occurrence inquired into" and "the dates, places and persons involved as well as the disposition of the matter" by the end of Wednesday.

**Interrogatory #11**: I understand that you are responding to the Interrogatory by saying that 1429 through 1588 are the only policies responsive to the request. The response still fails to identify any of the recipients as sought in the interrogatory. Please identify which individuals identified in the discovery responses Trails is stating it sent each of these policies.

**Interrogatory #12**: We still don't have Deborah Whitmire's last known address and phone number, or her last known business affiliation. Please provide the information sought in the interrogatory.

**General Note on the comment you raised about "ESI" on Friday's call and in the Fifth Supplemental Response to Plaintiff's First Set of Requests for Production dated February 2, 2024**: Our request for production included an ESI protocol which was never objected to in any specific way. Rather, over our many complaints, Trails chose to address any burden posed by the Requests behind its vague, canned "overly broad and unduly burdensome" objections. We have repeatedly said that your client was failing to provide any responsive documents - which explicitly includes ESI - by hiding behind these improper objections. That failure required us to file a motion to compel the production of all responsive documents, which included ESI, to nearly all requests because Trails failed to provide anything or say anything meaningful at all in its objections. With the exception of the breadth and burden objections on INT. #9 & #10, and RFP #5, #15, & #16, Trails then withdraw its breadth and burden objections, and Judge Metcalf has issued an order compelling the documents sought - again, which specifically includes ESI - subject to either the temporal or categorical limitations he determined appropriate. There is no basis for Trails to raise new objections to the discovery it received in September 2023, following the resolution of a long-outstanding motion to compel the same. **RFP #1, #4, #5, #6, #7, #11, #15, #16, #17, #19, & #25** each explicitly seeks ESI. If your statement Friday is correct and Trails somehow did not understand that emails, text messages, software data, and other ESI was sought, then it has failed to conduct an adequate search for responsive documents to each of these requests and needs to remedy this immediately and make a supplemental production.

1901 Main Street, Suite 1200, Columbia, SC 29201 ▪ P.O. Box 11803 (29211)
Office: (803) 256-1268 ▪ Fax: (803) 252-3653 ▪ www.rogerslewis.com

Case 1:23-cv-00020-MR-WCM   Document 56-5   Filed 02/15/24   Page 2 of 3

**RFP #5**: Please confirm that the responsive documents, as ordered by Judge Metcalf, will be produced by Wednesday.

**RFP #10**: I don't understand this response. The order has already issued, and he did not deny the request. I can only assume you are confusing INT #10 and RFP #10? Please confirm that Trails intends to produce the additional responsive records by Wednesday, including the files for Madeline Bryant and Tim Newbill.

**RFP #15**: Please confirm that Trails will produce the responsive documentation, as ordered by Judge Metcalf, by the end of Wednesday.

**RFP #16**: Please confirm that the responsive documents, as ordered by Judge Metcalf, will be produced by Wednesday.

Again, time is of the essence, and Judge Metcalf did not allow Trails Carolina the opportunity of delaying its responses to his order for any period of time in light of this fact. I cannot remain idle while my client is materially prejudiced by further discovery delays by Trails, so please confirm my understandings above so we can avoid additional motions practice.

With professional regards, I remain,                                   Sincerely,

Shaun C. Blake

cc: David Levy, Esq.

1901 Main Street, Suite 1200, Columbia, SC 29201 ▪ P.O. Box 11803 (29211)
Office: (803) 256-1268 ▪ Fax: (803) 252-3653 ▪ www.rogerslewis.com
Case 1:23-cv-00020-MR-WCM   Document 56-5   Filed 02/15/24   Page 3 of 3